McKinney, J.,
delivered the opinion of the Court.
This was an application to quash an execution, on the ground that the judgment had been satisfied before its issuance.
It appears, that a joint judgment had been recovered be *552 fore a justice, for $38.60, against Anderson and Saylors, in favor of one Crowder, in an action of trover. Sometime after judgment, by an arrangement between Crowder and Say-lors, the latter fully satisfied said judgment; and, thereupon, procured the issuance of an execution thereon, for the purpose of collecting the amount of the judgment, for his own benefit, from his co-defendant. Whether or not, in equity, Anderson ought to have been compelled to satisfy said judgment ; and whether or not the judgment was improperly rendered against Saylors by the justice, are questions that cannot now be entertained. The judgment was acquiesced in, and remained in force, and cannot be collaterally impeached.
And it is too clear to admit of discussion, that its satisfaction, by one of the joint defendants, was an extinguishment of the judgment as to all the defendants, so that no execution could afterwards be issued thereon. And it is equally clear, that the recovery against the defendants, being in damages, for a tort, no right of contribution could exist in favor of either; whatever may have been the nature of the case, or the apparent right of the one, on principles of natural justice, to have such contribution, or to throw the entire satisfaction of the judgment on the other party.
Judgment affirmed.